Slip Op. 26-17

## UNITED STATES COURT OF INTERNATIONAL TRADE

FUJIFILM NORTH AMERICA
CORPORATION, FUJIFILM
CORPORATION, AND FUJIFILM
PRINTING PLATE (CHINA) CO.
LTD.,

        **Plaintiffs,**

        v.

UNITED STATES,

        **Defendant,**

**and**

EASTMAN KODAK COMPANY,

        **Defendant-Intervenor.**

Before: Jennifer Choe-Groves, Judge

Court No. 24-00251

## OPINION AND ORDER

[Remanding the final results of the International Trade Commission's final affirmative material injury determination.]

Dated: February 18, 2026

Daniel L. Porter, James P. Durling, and Gina M. Colarusso, Pillsbury Winthrop Shaw Pittman LLP, of Washington, D.C., for Plaintiffs Fujifilm North America Corporation, Fujifilm Corporation, and Fujifilm Printing Plate (China) Co. Ltd. With them on the brief were John Taishu Pitt and Matthew P. McCullough.

L. Misha Preheim, Attorney-Advisor, and Karl Stuart von Schriltz, Assistant General Counsel for Litigation, Office of the General Counsel, U.S. International

Trade Commission, of Washington, D.C., for Defendant United States. With them on the brief were Christopher W. Robinson, Attorney-Advisor, and Margaret D. Macdonald, General Counsel.

John M. Herrmann, II, Kelley Drye & Warren, LLP, of Washington D.C., and Joshua R. Morey, Kelley Drye & Warren, LLP, of New York, N.Y., for Defendant-Intervenor Eastman Kodak Company. With them on the brief were Paul C. Rosenthal, Elizabeth C. Johnson, Julia A. Fox, and Matthew T. Martin.

Choe-Groves, Judge: This action concerns the affirmative final material injury determination published by the U.S. International Trade Commission ("Defendant," "ITC," or "Commission") that the domestic aluminum lithographic printing plate ("ALP") industry was materially injured by reason of ALP imports from Japan and the People's Republic of China ("China"). See Aluminum Lithographic Printing Plates From China and Japan: Determinations, 89 Fed. Reg. 90,737 (ITC Nov. 18, 2024) ("Final Determination"), PR 104[1]; see also Views of the Commission, USITC Pub. No. 5559, Inv. Nos. 701-TA-694 and 731-TA-1641-1642 (Final) (Nov. 15, 2024) ("Views"), PR 103; Final Staff Report (Oct. 9, 2024) ("Staff Report"), PR 89.

Plaintiffs Fujifilm North America Corporation ("Fujifilm North America"), Fujifilm Corporation ("Fujifilm Japan"), and Fujifilm Printing Plate (China) Co. Ltd. ("Fujifilm China") (collectively, "Fujifilm" or "Plaintiffs") contest certain aspects of the final affirmative material injury determination as alleged in its

---

[1] Citations to the administrative record reflect the public record ("PR") and the confidential record ("CR") numbers filed in this case, ECF Nos. 56, 57.

Amended Complaint.  Am. Compl. at ¶ 1, ECF No. 10.  Plaintiffs argue that the Commission's decision to include a corporate entity named Fujifilm Manufacturing USA, Inc. ("Fujifilm Greenwood")[2] in the composition of the relevant domestic industry was an unlawful interpretation of 19 U.S.C. § 1677(4) and was not supported by substantial evidence.  Id. at ¶¶ 25–29.  Plaintiffs contend that the Commission's conclusion of significant adverse volume effects is not supported by substantial evidence and is not in accordance with law.  Id. at ¶¶ 30–33.  Plaintiffs aver that the Commission's conclusion of significant adverse price effects is not supported by substantial evidence and is not in accordance with law. Id. at ¶¶ 34–39.  Plaintiffs also allege that the Commission's conclusion of significant adverse impact is not supported by substantial evidence and is not in accordance with law.  Id. at ¶¶ 40–45.

The Commission determined that the domestic ALP industry was materially injured by reason of ALP imports from Japan and China.  See Final Determination; see also Views.

---

[2] Fujifilm Greenwood operated a U.S. ALP production factory in Greenwood, South Carolina, before Fujifilm decided to close the Fujifilm Greenwood production facility to better align its supply with demand.  Am. Compl. at ¶ 17. The Commission acknowledged that Plaintiffs' reason for closing Fujifilm Greenwood prior to the period of investigation was part of a global reallocation strategy.  See Views at 10–11.

Before the Court is Fujifilm's Rule 56.2 Motion for Judgment on the Agency Record. Pls.' R. 56.2 Mot. J. Agency R. ("Pls.' Br."), ECF Nos. 35, 36. Defendant filed its Memorandum in Opposition to Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record. Def.'s Mem. Opp'n Pls.' R. 56.2 Mot. J. Agency R. ("Def.'s Resp. Br."), ECF Nos. 48, 49. Defendant-Intervenor Eastman Kodak Company ("Kodak") filed Defendant-Intervenor's Response Brief in Opposition to Plaintiffs' Motion for Judgment on the Agency Record. Def.-Interv.'s Resp. Br. Opp'n Pls.' Mot. J. Agency R. ("Def.-Interv.'s Resp. Br."), ECF Nos. 51, 52. Plaintiffs filed their reply brief. Pls.' Fujifilm Reply Br. ("Pls.' Reply Br."), ECF Nos. 53, 54. The Court held oral argument on December 8, 2025, at the United States Court of International Trade. Confidential Oral Argument (Dec. 8, 2025), ECF No. 60.

For the following reasons, the Court remands the Commission's <u>Final Determination</u>.

**JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction pursuant to Section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i), and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the ITC's final injury determinations following an antidumping or countervailing duty investigation. <u>See</u> 19 U.S.C. § 1516a(a)(2)(B)(i). The Court will hold unlawful any determination

found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i); see also Siemens Energy, Inc. v. United States, 806 F.3d 1367, 1369 (Fed. Cir. 2015).

## DISCUSSION

To make an affirmative material injury determination, the Commission must find that: (1) material injury existed; and (2) the material injury was caused by reason of the subject imports. See Swiff-Train Co. v. United States, 793 F.3d 1355, 1359 (Fed. Cir. 2015) (quoting Gerald Metals, Inc. v. United States, 132 F.3d 716, 719 (Fed. Cir. 1997)). Material injury is defined by statute as harm that is not inconsequential, immaterial, or unimportant. 19 U.S.C. § 1677(7)(A). To determine whether a domestic industry has been materially injured or threatened with material injury by reason of unfairly subsidized or less than fair value imports, the Commission considers:

(I) the volume of imports of the subject merchandise,

(II) the effect of imports of that merchandise on prices in the United States for domestic like products, and

(III) the impact of imports of such merchandise on domestic producers of domestic like products, but only in the context of production operations within the United States[.]

Id. § 1677(7)(B)(i). The Commission may consider other economic factors that are relevant to determining whether there is material injury by reason of imports. Id. § 1677(7)(B)(ii). No single factor is dispositive and the

significance to be assigned to a particular factor is for the ITC to decide.

See S. Rep. No. 96-249, at 88 (1979), reprinted in 1979 U.S.C.C.A.N. 381,

474.  The statute neither defines the phrase "by reason of," nor provides the

Commission with guidance on how to determine whether the material injury

is by reason of subject imports.  The Court of Appeals for the Federal Circuit

("CAFC") has interpreted the statutory language "by reason of" to require

the Commission to consider the volume of subject imports, their price

effects, their impact on the domestic industry, and to establish whether there

is a causal connection between the imported goods and the material injury to

the domestic injury.  See Swiff-Train Co., 793 F.3d at 1361; see also S. Rep.

No. 96-249, at 57–58, 74–75 (1979), reprinted in 1979 U.S.C.C.A.N. 381,

443–44, 460–61.

I.    **The Commission's Composition of the Relevant Domestic
      Industry**

The Commission determined that appropriate circumstances did not exist to

exclude Fujifilm Greenwood from the domestic industry under the related parties

provision pursuant to 19 U.S.C. § 1677(4)(B)(i).  See Views at 13.  The

Commission determined that excluding Fujifilm Greenwood from the domestic

industry would mask declines in the domestic industry's market share, output, and

financial performance during the period of investigation as subject import volume

and market share increased.  Views at 12.

## A. Legal Standard

Pursuant to 19 U.S.C. § 1677(4)(A), the domestic industry consists of the domestic "producers as a whole of a domestic like product, or those producers whose collective output of a domestic like product constitutes a major proportion of the total domestic production of the product." 19 U.S.C. § 1677(4)(A). When appropriate, the Commission may exclude producers from the domestic industry if the "producer of a domestic like product and an exporter or importer of the subject merchandise are related parties, or if [the] producer of the domestic like product is also an importer of the subject merchandise[.]" Id. § 1677(4)(B)(i). For purposes of excluding related parties from the domestic industry, a producer and an exporter or importer shall be considered related parties if:

(I) the producer directly or indirectly controls the exporter or importer,

(II) the exporter or importer directly or indirectly controls the producer,

(III) a third party directly or indirectly controls the producer and the exporter or importer, or

(IV) the producer and the exporter or importer directly or indirectly control a third party and there is reason to believe that the relationship causes the producer to act differently than a nonrelated producer.

Id. § 1677(4)(B)(ii). A party shall be considered to directly or indirectly control another party "if the party is legally or operationally in a position to exercise restraint or direction over the other party." Id.

## 1. The Commission's Domestic Industry Determination

Plaintiffs challenge the Commission's domestic industry determination, arguing that the Commission's determination to include Fujifilm Greenwood in the composition of the relevant domestic industry was not in accordance with law because the analysis was contrary to the statutory requirement to exclude related parties in appropriate cases. Pls.' Br. at 13. Plaintiffs contend that the Commission's domestic industry determination was not supported by substantial evidence because Fujifilm Greenwood distorted the data by masking the trends of Kodak. Id. at 20–22.

The Commission determined that Fujifilm Greenwood's domestic production was not shielded from competition with subject imports during the period of investigation and that its exclusion would skew the domestic industry data. Views at 10–13. In reaching its determination whether to exclude Fujifilm Greenwood as a related party, the Commission explained:

> [t]he primary factors the Commission has examined in deciding whether appropriate circumstances exist to exclude a related party include the following: (1) the percentage of domestic production attributable to the importing producer; (2) the reason the U.S. producer has decided to import the product subject to investigation (whether the firm benefits from the [less-than-fair-value] sales or subsidies or whether the firm must import in order to enable it to continue production and compete in the U.S. market); (3) whether inclusion or exclusion of the related party will skew data for the rest of the industry; (4) the ratio of import shipments to U.S. production for the imported product; and (5) whether the primary interest of the importing producer lies in domestic production or importation.

Views at 9, n.27 (citation omitted).

Plaintiffs argue that the Commission's five factor analysis was contrary to the statutory requirement to exclude related parties in "appropriate" cases, asserting that Fujifilm Greenwood should be excluded because it did not compete with subject imports from the related foreign producer.  Pls.' Br. at 14, 19. Plaintiffs contend that the Commission's analysis conflates the orderly wind-down of Fujifilm Greenwood and sourcing switch with import competition because the trends cited by the Commission were the result of the planned wind down of the Fujifilm Greenwood production facility.  Id. at 21.

Section 1677(4)(B)(i) states that "[i]f a producer of a domestic like product and an exporter or importer of the subject merchandise are related parties, or if a producer of the domestic like product is also an importer of the subject merchandise, the producer may, in appropriate circumstances, be excluded from the industry."  19 U.S.C. § 1677(4)(B)(i).  For the purposes of 19 U.S.C. § 1677(4)(B)(i), a producer and an exporter or importer shall be considered related parties if:

(I) the producer directly or indirectly controls the exporter or importer,

(II) the exporter or importer directly or indirectly controls the producer,

(III) a third party directly or indirectly controls the producer and the exporter or importer, or

(IV) the producer and the exporter or importer directly or indirectly control a third party and there is reason to believe that the relationship causes the producer to act differently than a nonrelated producer.

19 U.S.C § 1677(4)(B)(ii).

Although the statute defines "related parties," it does not define "appropriate circumstances." Pursuant to the Statement of Administrative Action, H.R. Rep. No. 103-316, vol. I at 858 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4190 ("SAA"), Congress explained that the purpose of the related parties provision is for "the Commission to reduce any distortion in industry data caused by the inclusion in the domestic industry of a related producer who is being shielded from the effects of the subject imports." SAA at 4190. Congress stated that the Commission "will have discretion to apply this provision to accomplish [its] purpose[]." Id. This is consistent with the legislative history, as the Commission "is given discretion not to include within the domestic industry those domestic producers of the like product which are either related to exporters or importers of the imported product being investigated, or which import that product." S. Rep. No. 96-249, at 83 (1979), reprinted in 1979 U.S.C.C.A.N. 381, 469. The Commission will not consider a related U.S. producer to be a part of the domestic industry "where a U.S. producer is related to a foreign exporter and the foreign exporter directs his exports to the United States so as not to compete with his related U.S. producer[.]" Id. The United States Court of International Trade has

recognized that "the provision's purpose is to exclude from the industry headcount domestic producers substantially benefitting from their relationship with foreign exporters." USEC, Inc. v. United States, 25 CIT 49, 61, 132 F. Supp. 2d 1, 12 (2001), aff'd, 34 F. App'x 725 (Fed. Cir. 2002).

Plaintiffs argue that the example provided in the legislative history matches the facts in this case exactly, because "[t]he underlying facts presented a case of a foreign producer that 'directs his exports to the United States so as not to compete with his related U.S. producer,' as foreshadowed by the legislative history as the quintessential case where the related domestic producer should be excluded." Pls.' Br. at 19. Plaintiffs aver that "Fujifilm did not export from Japan and China to compete with its U.S. producer and instead coordinated an orderly withdrawal of U.S. production to be replaced by subject imports." Id.

The Commission determined that Fujifilm Greenwood was a related party because it was affiliated through common control with Fujifilm North America, a domestic importer of subject merchandise from Japan and China, and Fujifilm China and Fujifilm Japan, foreign producers and exporters of subject merchandise in China and Japan. Views at 9–10 (citing Staff Report Tables 3.3, 3.11).[3] The Commission did not make its determination pursuant to the factors articulated in

---

[3] It is apparent that the Views erroneously cited to Staff Report Table 3.3 rather than Table 3.2 because the provided citation to Table 3.3 does not correspond to the Views statement and Table 3.2 appears to be the appropriate citation.

19 U.S.C. § 1677(4)(B)(ii).  Instead, the Commission concluded that, "[o]ne U.S. producer, [Fujifilm Greenwood], qualifies as a related party because it is affiliated with [Fujifilm North America], a U.S. importer of subject merchandise from Japan and China, and Fujifilm China and Fujifilm Japan, foreign producers and exporters of subject merchandise in China and Japan, through common control."  See id.

Pursuant to 19 U.S.C. § 1677(4)(B)(ii), there are four different ways that a party may be considered a related party.  The Commission did not provide any analysis or explanation as to how Fujifilm Greenwood qualified as a related party under these statutory factors.  The Court considers the Commission's determination on related parties to be deficient and not in accordance with law because the Commission failed to discuss the four factors in 19 U.S.C. § 1677(4)(B)(ii) in its related parties analysis.

In addition, the Commission failed to explain how the facts in this case are similar or different than the example provided in the legislative history.  See S. Rep. No. 96-249, at 83 (1979), reprinted in 1979 U.S.C.C.A.N. 381, 469; see also Pls.' Br. at 19.  It is apparent to the Court that Fujifilm Greenwood operated a U.S. ALP production factory in Greenwood, South Carolina, before a management decision was made to close the Fujifilm Greenwood production facility to better align supply with demand, which the Commission acknowledged occurred prior to the period of investigation as part of a global relocation strategy.  See Fujifilm

Response to U.S. Producers' Questionnaire ("Fujifilm's U.S. Producer Questionnaire Resp.") at II-2a, CR 72; see also Views at 10–11; Staff Report at 3.4.

The Commission should address on remand how the instant facts are an "appropriate" case for excluding a related party in light of the example provided in the legislative history, which the Court observes to be very similar to the facts in this case and is cited by the legislative history as an example of an appropriate case in which a related party should be excluded from the domestic industry. Accordingly, the Court holds that the Commission's determination that Fujifilm Greenwood qualified as a related party that should nonetheless be included in the domestic industry is not in accordance with law and remands this issue for further consideration or explanation.

The Commission also failed to support its determination that Fujifilm Greenwood qualified as a related party with substantial evidence. For example, Table 3.2 of the Staff Report is titled "ALPs: U.S. producers' ownership, related and/or affiliated firms." Staff Report at Table 3.2. The Commission stated that Table 3.2 contains compiled data from submissions in response to Commission questionnaires. Staff Report at 3.2. The questionnaire responses before this Court include: (1) Eastman Kodak Company Response to U.S. Producers' Questionnaire ("Eastman Kodak U.S. Producers' Questionnaire Resp."), CR 70; (2) Fujifilm's

U.S. Producer Questionnaire Response; (3) Fujifilm North America Corp. Response to U.S. Importers' Questionnaire ("Fujifilm North America's U.S. Importers Questionnaire Resp."), CR 74; and (4) two different U.S. Purchasers' Questionnaire Responses ("U.S. Purchasers' Questionnaire Resps."), CR 82, 103. See Confidential Joint Appendix, Table of Contents. The Court observes that only the two U.S. Purchasers' Questionnaire Responses were provided to the Court in their entirety. See id. The Confidential Joint Appendix only includes page 45 of Eastman Kodak's U.S. Producers Questionnaire Response, pages 7–8, 66–68, and Attachment A of Fujifilm's U.S. Producers Questionnaire Response, and pages 33, 56, and Attachment C of Fujifilm North America's U.S. Importers Questionnaire Response. See id. The remaining pages of these documents are missing from the Joint Appendix filed with the Court.

The Commission failed to provide the necessary record evidence to the Court to support the Commission's determination that Fujifilm Greenwood was a related party. The Court notes that Fujifilm's U.S. Producers Questionnaire Response does not contain the data that Table 3.2 of the Staff Report discusses. See Fujifilm's U.S. Producers Questionnaire Resp. Nor does Fujifilm North America's U.S. Importers Questionnaire Response contain the information provided in Table 3.2 of the Staff Report. See Fujifilm North America's U.S. Importers Questionnaire Resp. Plaintiffs' two questionnaire response excerpts

provided to the Court do not include any information about the ownership structure at the corporate level that would establish the data relied on in Table 3.2 of the Staff Report. At most, Fujifilm's U.S. Producers Questionnaire Response includes information about the changes in operations and the decision to shut down the U.S. ALP production facility in Greenwood, South Carolina, and states that the Fujifilm Greenwood facility operated as an affiliate during the period of investigation. Fujifilm's U.S. Producers Questionnaire Resp. at II-2a, III-19. Nowhere in the excerpts of Fujifilm's U.S. Producers Questionnaire Response and Fujifilm North America's U.S. Importers Questionnaire Response is there evidence establishing that Fujifilm Greenwood was a related party pursuant to 19 U.S.C. §§ 1677(4)(B)(i) and (ii).

The Staff Report also cites a confidential email from November 1, 2023, purportedly clarifying Fujifilm Greenwood's affiliation as a related party, Staff Report at 3.3, n.3, but the Court observes that this email was apparently never placed on the record filed with the Court. Because the Commission cited to numerous examples of evidence that are not on the record in this case, the Court concludes that the Commission's determinations regarding related parties and the domestic industry are not supported by substantial evidence. Thus, the Court remands for the Commission to provide the necessary record documents for the Court to review.

Given that the definition of the domestic industry is a preliminary issue, the Court will not consider the Commission's material injury determination and other issues alleged in Plaintiffs' Complaint until the Commission reconsiders on remand whether Fujifilm Greenwood is a related party and appropriate circumstances exist to exclude Fujifilm Greenwood from the domestic industry.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Commission's decision to include Fujifilm Greenwood in the composition of the relevant domestic industry is not in accordance with law and is not supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** that the Commission's <u>Final Determination</u> is remanded for reconsideration consistent with this Opinion; and it is further

**ORDERED** that this case shall proceed according to the following schedule:

    (1) The Commission shall file its remand redetermination on or before April 20, 2026;

    (2) The Commission shall file the administrative record on or before May 4, 2026;

    (3) Comments in opposition to the remand redetermination shall be filed on or before May 20, 2026;

(4) Comments in support of the remand redetermination shall be filed on or before June 22, 2026; and

(5) The joint appendix shall be filed on or before June 29, 2026.

.

                                                   _/s/ Jennifer Choe-Groves_
                                                   Jennifer Choe-Groves, Judge

Dated:   February 18, 2026
        New York, New York